UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD L. MCVAY,<br>MARY W. MCVAY,<br>ONE STOP STORAGE, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE STORE HOUSE COMPANY,<br>STORE HOUSE OF INDIANAPOLIS LLC,<br>TSHI STORAGE, LLC,<br>DONALD TOLVA,<br><br>Defendants. | ) | No. 1:16-cv-00644-SEB-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' *Motion to Dismiss*. [Dkt. 21.] On June 17, 2016, District Judge Sarah Evans Barker designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 32.] For the reasons set forth below, the Magistrate Judge recommends Defendants' motion be **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

This action stems from a contract dispute between Plaintiffs Edward L. McVay ("Larry"), Mary W. McVay ("Mary"), and One Stop Storage Inc. ("One Stop") (collectively, "Plaintiffs") and Defendants The Store House Company ("Store House"), Store House of Indianapolis L.L.C. ("SHI"), TSHI Storage L.L.C. ("TSHI"), and Donald Tolva ("Tolva") (collectively, "Defendants"). Plaintiffs assert they owned property at 2425 N. Mitthoeffer Road in Indianapolis, Indiana (the "Property") and operated a storage business thereon from March 2003 to 2007. [Dkt. 1 at ¶¶ 14-18.] In 2007, Plaintiffs entered into negotiations with Defendants to sell them the Property. [*Id.* 1 at ¶ 18.] Plaintiffs allege

that during this time, Defendants negotiated solely and aggressively with Mary who was unrepresented by counsel, unfamiliar with the business, and unaware of the true value of the Property. [*Id*. at ¶ 23, 27.] These negotiations culminated with finalizing and executing the Purchase Agreement for Industrial Real Estate ("Purchase Agreement") dictating the terms of the sale.[1] [*Id*. at ¶ 24.]

The Purchase Agreement describes two payments to be made to Plaintiffs for the Property: the first a one-time payment of $1,950,000.00 due at closing, [*Id*. at ¶ 29], and the second to be made pursuant to a Contingent Consideration Payment clause ("Contingent Payment" clause) in the contract. [*Id*. at ¶ 30.] The clause in part states the following:

> Seller shall be eligible to receive future contingent earned equity ("Contingent Payment") at the rate of 50% of any funds available after payment of all "Priority Debt" upon the sale or refinance of the property. ["Priority Debt" shall mean and include all secured and unsecured debt of the property and the LLC or other entity holding title to the Property; and shall include all costs associated with the sale or refinance of the Property.]

[Dkt. 1-1 at ¶ G.] Plaintiffs additionally allege that on or around December 18, 2007, Plaintiffs and Store House executed an Amendment to the Purchase Agreement (the "Amendment").[2] [Dkt. 1 at ¶ 32.] This Amendment purportedly obligated Store House to provide written notice to the Plaintiffs upon any subsequent sale or refinance of the Property that would trigger the Contingent Payment. [*Id.* at ¶ 34.] Plaintiffs allege that on December 27, 2007, Store House refinanced the mortgage on the Property for $3,060,000.00, thus triggering the Contingent Payment clause, and neither paid the Contingent Payment nor notified Plaintiffs of the refinance as contractually obligated [*Id.* at ¶¶36-39.] Further, Plaintiffs allege that Store House then sold the Property to SHI at an unknown date, which sold it to TSHI on or about May 20, 2014, which then refinanced it on that same date. [*Id.* at ¶¶ 40-41, 46, 51-52.] Plaintiff alleges that, after each of these transactions, Store House neither made

[1] "A true and correct copy" of the original contract of sale was attached to the complaint as Exhibit A. [Dkt. 1 at ¶ 25; Dkt. 1-1.]

[2] "A true and correct copy" of the Amendment was attached to the complaint as Exhibit B. [Dkt. 1 at ¶ 33; Dkt. 1-2.]

a Contingent Payment to Plaintiffs nor notified Plaintiffs of the sales and refinances of the Property. [*Id*. at ¶¶ 43-45, 48-50, 53-54.]

On March 22, 2016 Plaintiffs filed a Complaint in the United States District Court for the Southern District of Indiana alleging breach of contract, fraud in the inducement, and fraudulent conspiracy. [Dkt. 1.] On May 6, 2016 Defendants filed a *Motion to Dismiss* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss all of these claims with prejudice. [Dkt. 21.]

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise[s] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Furthermore, well-pled facts are viewed in the light most favorable to the plaintiff. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

## III. Discussion

### A. Breach of Contract

Plaintiffs assert two breach of contract claims: (1) Defendants breached by not providing written notice upon the sale or refinance of the Property [Dkt. 1 at ¶ 60]; and (2) Defendants breached

by not paying the Contingent Payment when due. [*Id*. at ¶ 61.] Defendants argue the claim should be dismissed first because neither party signed the Amendment, therefore it does not represent a valid contract and could not have been breached. Second, Defendants argue that because Plaintiffs failed to specifically allege the payment of priority debt, as specified in the Contingent Payment provision of the contract, Plaintiffs have failed to properly allege a breach of contract.

The elements of breach of contract are (1) the existence of a contract; (2) the defendant's breach of that contract; and (3) damages as a result. *Roche Diagnostics Operations, Inc. v. Marsh Supermarkets, L.L.C.*, 987 N.E.2d 72, 85 (Ind. Ct. App. 2013). Defendants assert that because neither party signed the Amendment, [*see* Dkt. 1-2], it does not represent a valid contract and therefore they could not have breached it by failing to provide notice of sale or refinancing. Indeed, the attached Amendment is unexecuted. *Id.*

However, when considering a motion to dismiss, the Court must assume all allegations are true and draw all reasonable inferences in the Plaintiffs' favor. Plaintiffs allege the existence of a contract, the execution of the Amendment that called for written notice upon any sale or refinance of the Property, and attached a "true and correct" copy of the Amendment to the complaint. [Dkt. 1 at ¶¶ 24, 32-34.] Certainly these allegations do not preclude the existence of a valid Amendment. It is reasonable to infer that although the attached copy of the Amendment is unsigned, other evidence may exist to support the Plaintiffs' allegations of a valid Amendment. Thus, although it is true that "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit normally controls" *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013), this exhibit does not *incontrovertibly* contradict the allegation of a valid contract. Defendants' arguments to the contrary are factual in nature and would more appropriately be brought in a motion for summary judgment after the facts regarding the Amendment have been determined. *See* Fed. R. Civ. P. 56.

Defendants next argue that because Plaintiffs have not explicitly alleged payment of all priority debt on the Property, which is required to trigger the Contingent Payment, Plaintiffs have failed to properly allege a breach of contract. [Dkt. 22 at 7-8.] Again, all reasonable inferences must be drawn in favor of the Plaintiff. *Davenport*, 815 F.3d at 318. Plaintiffs allege Store House refinanced the mortgage on the Property for $3,060,000.00 on December 27, 2007, which triggered the Contingent Payment, and Defendants did not make the payment as required. [Dkt. 1 at ¶ 36-39.] From these allegations it is reasonable to infer the Contingent Payment was triggered because the priority debt was paid off when the Property was refinanced. That Plaintiffs did not explicitly allege payment of priority debt does not negate the inference of payment of that debt. Thus, the Court finds the Plaintiffs have pleaded a facially plausible breach of contract claim. *Iqbal*, 556 U.S. at 678.

**B. Fraud**

Plaintiffs assert two fraud claims: (1) Defendants fraudulently induced Plaintiffs into selling the Property; and (2) Defendants participated in a fraudulent conspiracy to "deprive Plaintiffs of their Property rights."[3] [Dkt. 1 at ¶ 80.] Defendants argue Plaintiffs' complaint should be dismissed for three reasons: (1) Plaintiffs have failed to allege any material misrepresentation of past or existing fact; (2) the disclaimer in the integration clause of the Purchase Agreement bars any claims of fraud based on prior misrepresentations; and (3) Plaintiffs have failed to plead a claim of fraud with the specificity required by Rule 9(b). [Dkt. 22.]

---

[3] In Indiana, civil conspiracy is not an independent cause of action. *Am. Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115 (Ind. Ct. App. 2008). Civil conspiracy is defined as "a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means." *K.M.K. v. A.K.*, 908 N.E.2d 658, 662-63 (Ind. Ct. App. 2009) (citing *Boyle v. Anderson Fire Fighters Ass'n. Local 1262, AFL-CIO*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986), *trans. denied*. In other words, civil conspiracy is "just another way of asserting a concerted action in the commission of a tort." *Id.* Thus, the Court will address the claims of fraud and fraudulent conspiracy together. *McNaughton*, N.E.2d at 1115.

Under Indiana law, the elements of fraud are: "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage of which the plaintiff complains." *Angel v. Powelson*, 977 N.E.2d 434, 445 (Ind. Ct. App. 2012). Further, it is clear that promises of future conduct cannot support an ordinary fraud claim.[4] *Heyser v. Noble Roman's, Inc.*, 933 N.E.2d 16, 19-20 (Ind. Ct. App. 2010); *Volvo Trucks N. Am. v. Andy Mohr Truck Ctr.*, No. 1:12-cv-448-WTL-DKL, 2013 WL 2938913, at *3 (S.D. Ind. June 14, 2013).

Defendants first argue Plaintiffs have failed to allege any misrepresentation of past or existing fact. Indeed, Plaintiffs' allegations do not mention any misrepresentation of past or existing fact as the allegations speak only to promises of future conduct by the Defendant. For instance, Plaintiffs allege the following:

> (1): "The Defendants—by and through Tolva—led Mary to believe the Contingent Consideration payment would be made three to five years after the closing." [Dkt. 1 at ¶35.]
>
> (2): "Plaintiffs would not have sold the property without the expectation that Store House intended to pay the full value of the Contingent Consideration Payment ($950,000)." [*Id.* at ¶64.]
>
> (3): "Store House's and Tolva represented that it was Tolva's intent that the full Contingent Consideration be made . . . ." [*Id.* at ¶ 71.]
>
> (4): "Store House and Tolva materially misrepresented that Store House would provide Plaintiffs with written notice and the Contingent Consideration Payment." [*Id.* at ¶ 72.]
>
> (5): "These representations were false and made and Store House and Tolva never intended to pay Plaintiffs any Contingent Consideration Payments." [*Id.* at ¶ 74.]

---

[4] The Court notes although a promise to perform a future act cannot support a claim of actual fraud, a promise of future conduct can be the basis of a *constructive* fraud claim. *Kapoor v. Dybwad*, 49 N.E.3d 108, 124-25 (Ind. Ct. App. 2015). Plaintiffs briefly mention constructive fraud in their Response, [Dkt. 26 at 14], in a discussion of fraudulent inducement, or actual fraud. However, although Plaintiffs seek to allege facts in their Response which, if assumed true, could support a *constructive* fraud claim, they have not alleged a count of constructive fraud in their Complaint. [Dkt. 1 at 6-10.]

None of these allegations, or any others in the Complaint, relate to any misrepresentation of past or existing fact and speak only to promises to act in the future. As stated above, Indiana law is clear that promises of future conduct cannot form the basis of an ordinary fraud claim. *Siegel*, 818 N.E.2d at 515.

Rather than address this issue in their Response to the Motion, Plaintiffs focus on Defendants' integration clause and particularity arguments as they relate to the fraud claims. [Dkt. 1 at 12-16.] Plaintiffs claim Defendants' integration clause argument misstates governing law, [*Id*. at 12], that they pled fraud in the inducement, [*Id*. at 14], and pled fraud by omission. [*Id*. at 15.] However, nowhere in these arguments do Plaintiffs explain how they have alleged a misrepresentation of past or existing fact. For failure to allege a misrepresentation of past or existing fact, Plaintiffs' fraudulent inducement claim must be dismissed.

Defendants' next argument for dismissal is less persuasive. Defendants argue the disclaimer in the integration clause of the Purchase Agreement bars "any fraud claim based on alleged prior misrepresentations" unless they were fraudulently induced to agree to the integration clause itself. [Dkt. 22 at 11-12] (discussing *Circle Center Development Co. v. Y/G Indiana, L.P.*, 762 N.E.2d 176 (Ind. Ct. App. 2002)). However, after extensive discussion of Indiana case law on this very subject, the Seventh Circuit has held that in Indiana a plaintiff only need prove they were fraudulently induced to enter the contract as a whole to successfully claim fraudulent inducement. *Judson Atkinson Candies, Inc. v. Kenray Associates, Inc.*, 719 F.3d 635, 639-44 (7th Cir. 2013). Thus, because a fraudulent inducement claim only requires alleging a plaintiff was fraudulently induced into the contract as a whole, Defendants' integration clause argument is moot.

Finally, Defendants also argue Plaintiffs' fraud claims must be dismissed because they are not pled with particularity according to Rule 9(b). [Dkt. 22 at 13-15.] However, since the Court finds that Plaintiffs have failed to state any claim of fraud, it does not reach the question of whether the fraud

claim was pleaded with particularity. Regardless, the undersigned Magistrate Judge recommends dismissal of Plaintiffs' fraud claims for failure to allege a misrepresentation of past or existing fact as required under Indiana law.

## IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends that the Defendants' *Motion to Dismiss* be **GRANTED IN PART** and **DENIED IN PART**. [Dkt. 21.] The Magistrate Judge recommends that Plaintiffs' claims of fraudulent inducement and fraudulent conspiracy be dismissed without prejudice. The Court grants Plaintiffs twenty-one days from the date of the adoption of this Report and Recommendation to file an amended complaint, if desired.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 27 JUL 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Todd J. Ohlms
FREEBORN & PETERS LLP
tohlms@freeborn.com

Verona M. Sandberg
FREEBORN & PETERS LLP
vsandberg@freeborn.com

Hamish S. Cohen
MATTINGLY BURKE COHEN & BIEDERMAN LLP
hamish.cohen@mbcblaw.com

Sean P. Burke
MATTINGLY BURKE COHEN & BIEDERMAN LLP
sean.burke@mbcblaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com