UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD L. MCVAY, </br>MARY W. MCVAY, </br>ONE STOP STORAGE, INC, </br></br>            Plaintiffs, </br></br>vs. </br></br>THE STORE HOUSE COMPANY, </br>STORE HOUSE OF INDIANAPOLIS LLC, </br>TSHI STORAGE, LLC, </br>DONALD TOLVA, </br></br>            Defendants. | No. 1:16-cv-00644-SEB-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' *Motion to Dismiss Defendants' Counterclaim*. [Dkt. 58.] On November 8, 2016, District Judge Sarah Evans Barker designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 66.] For the reasons set forth below, the Magistrate Judge recommends that Plaintiffs' motion be **GRANTED**.

**I.      Background**

This action stems from a contract dispute between Plaintiffs Edward L. McVay ("Larry"), Mary W. McVay ("Mary"), and One Stop Storage Inc. ("One Stop") (collectively, "Plaintiffs") and Defendants The Store House Company ("Store House"), Store House of Indianapolis L.L.C. ("SHI"), TSHI Storage L.L.C. ("TSHI"), and Donald Tolva ("Tolva") (collectively, "Defendants"). Plaintiffs sold property, including a storage business, to Defendants in 2007.

1

Believing Defendants failed to fulfill their duties under the sales agreement, Plaintiffs filed this lawsuit alleging breach of contract, fraud in the inducement, and fraudulent conspiracy.

On May 6, 2016, Defendants filed a Motion to Dismiss seeking dismissal of all claims under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 21.] On July 27, 2016, the Magistrate Judge issued a Report and Recommendation recommending the breach of contract claim remain but the fraud claims be dismissed. [Dkt. 39.] Plaintiffs filed an Amended Complaint re-pleading the fraud claims on August 17, 2016. [Dkt. 42.]  On August 22, 2016, Defendants filed a counterclaim alleging Plaintiffs' allegations are frivolous and were brought in bad faith. [Dkt. 43.] Defendants assert they are entitled to all attorney's fees and costs associated with defending the lawsuit pursuant to Indiana Code § 34-52-1-1. Plaintiffs now seek to dismiss Defendants' counterclaim for failure to state a claim under Rule 12(b)(6).[1]

## II.     Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise[s] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S.

---

[1] Defendants filed a Motion to Dismiss the Amended Complaint on August 31, 2016, seeking dismissal of all claims. [Dkt. 45.] On October 24, 2016, the Magistrate Judge issued a Report and Recommendation again recommending the fraud claims be dismissed but the breach of contract claim remain. [Dkt. 61.]

at 572. Furthermore, well-pled facts are viewed in the light most favorable to the party asserting the claim. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

### III.   Discussion

Defendants' assert that Plaintiffs commenced this lawsuit knowing that their case was "groundless, frivolous and/or unreasonable . . . and brought in bad faith and for the ulterior and wrongful purpose of rewriting the terms of the Purchase Agreement." [Dkt. 43 at 11.] These allegations form the basis of the claim they assert under Indiana's "general recovery rule" in civil actions Ind. Code § 34-52-1-1.  This statute provides:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.

Ind. Code § 34-52-1-1.

Although the parties spend the majority of their briefs debating whether Defendants' allegations are supported by facts and law, the Court does not need to reach those arguments. This statute provides a means of relief to a *prevailing party*, which has yet to be determined in this case. It does not provide a basis for an independent cause of action. *See Conner v. Instant*

*Cash Advance*, No. IP 02-0287-C-B/S, 2003 WL 446378, at *2 (S.D. Ind. 2003) (Barker, J.).[2] While Defendants cite cases from the Northern District of Indiana for the proposition that the statute can serve as a basis of a counterclaim, those decisions are not binding upon this Court. Furthermore, more recent cases from that district have found it is inapplicable in federal court because it is procedural in nature. *See USI Ins. Servs., LLC v. Ryan*, No. 1:14-CV-151, 2014 WL 5094136, at *3 (N.D. Ind. 2014).

Defendants have cited no case, and the Court was unable to find one, wherein an Indiana court allowed this statute to serve as an independent cause of action. On the contrary, the statute is consistently applied on a party's motion *after* the conclusion of the case. *See e.g. State Farm Fire & Cas. Co. v. Niswander*, 7 N.E.3d 295, 298-300 (Ind. Ct. App. 2014) (upholding the trial court's award of attorney's fees following dismissal on a motion to dismiss); *see also Phillips v. Mills*, 42 N.E.3d 174 (Ind. Ct. App. 2015) (upholding the trial court's denial of a party's motion for attorney's fees under Ind. Code 34-52-1-1 following dismissal at summary judgment).

The statute does not support an independent cause of action and is inapplicable to the case at this point in the litigation. Therefore, Plaintiffs' Motion to Dismiss should be **GRANTED**.

**IV.    Conclusion**

Based on the foregoing, the Magistrate Judge recommends Plaintiffs' *Motion to Dismiss Defendants' Counterclaim* [Dkt. 58] be **GRANTED**, without prejudice to the prevailing party's ability to raise this issue in a motion at the conclusion of the case. Any objections to the

---

[2] If Defendants believe Plaintiffs' claims are meritless, the appropriate course of action would be to file a motion for summary judgment at the appropriate time. If Defendants were to prevail, they could move for costs and fees. Defendants may be able to pursue state law causes of action, such as malicious prosecution and abuse of process, but those claims are not appropriate in this lawsuit since they do not arise from the same transaction or occurrence that gave rise to Plaintiffs' claims. *See Conner*, 2003 WL 446378 at *3 n.4.

Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  09 NOV 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Todd J. Ohlms
FREEBORN & PETERS LLP
tohlms@freeborn.com

Verona M. Sandberg
FREEBORN & PETERS LLP
vsandberg@freeborn.com

Hamish S. Cohen
MATTINGLY BURKE COHEN & BIEDERMAN LLP
hamish.cohen@mbcblaw.com

Sean P. Burke
MATTINGLY BURKE COHEN & BIEDERMAN LLP
sean.burke@mbcblaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com